16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond AUSTIN, Diana Austin, individually and as next
friends to Felicia Darlene Austin, a minor,
Plaintiffs-Appellants,
v.
UNITED STATES of America ex rel. Department of Health and
Human Services, Defendant-Appellee.
 No. 93-7018.
 United States Court of Appeals, Tenth Circuit.
 Dec. 14, 1993.
 
 1
 Before ANDERSON and EBEL, Circuit Judges, and WINDER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiffs Raymond and Diana Austin, on behalf of themselves and their daughter Felicia Darlene Austin, appeal from an order of the district court finding in favor of defendant following a trial to the court. We affirm.
 
 
 4
 Plaintiffs brought this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. 2671-2680. Plaintiffs alleged that in 1990, Felicia, then nineteen months old, received negligent medical care at the Choctaw Nation Indian Health Clinic in Hugo, Oklahoma, where she was brought for treatment of a respiratory infection. The examining physician prescribed an antibiotic and sent Felicia home with her mother with instructions to return to the clinic if necessary. See Appellants' App. Vol. III at 1. Two days later, Felicia was markedly worse, and her mother took her to the Carl Albert Indian Hospital in Ada, Oklahoma. At that time, she was diagnosed with pneumonia and was air lifted to Children's Hospital in Oklahoma City. Shortly after admission, Felicia suffered several cardiorespiratory arrests which resulted in severe brain damage. Felicia now has little interaction with her environment and is most likely deaf and blind. She depends upon a respirator to help her breathe at night and is fed by a gastric tube.
 
 
 5
 In an FTCA action, the court applies the law of the place in which the alleged negligence occurred. See 28 U.S.C. 1346(b); Flynn v. United States, 902 F.2d 1524, 1527 (10th Cir.1990). In Oklahoma three elements are essential to establish a prima facie case of medical negligence. These are "(1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly exercise or perform that duty and (3) the plaintiff's injuries are proximately caused by the defendant's failure to exercise his duty of care." McKellips v. Saint Francis Hosp., Inc., 741 P.2d 467, 470 (Okla.1987).
 
 
 6
 The parties agree defendant owed a duty to Felicia when she appeared for treatment at the clinic. The issue before the court was whether that duty was properly performed. Plaintiffs contend that Felicia's care was negligent, i.e. below national standards,[2] in three areas: (1) the staff did not fully comply with standing clinic orders requiring that a temperature, pulse, respiration, and blood pressure be taken on all children with acute illnesses; (2) additional tests such as blood counts and a chest X-ray were not performed; and (3) the examining physician improperly treated Felicia given the nationally accepted meaning of the terms the physician used in Felicia's chart.
 
 
 7
 We may only disturb the district court's findings of fact if they are clearly erroneous. See O'Connor v. R.F. Lafferty & Co., 965 F.2d 893, 901 (10th Cir.1992). A finding of fact is clearly erroneous only if "it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made." LeMaire ex rel. LeMaire v. United States, 826 F.2d 949, 953 (10th Cir.1987).
 
 
 8
 The district court, considering all the evidence and the credibility of the witnesses, found that Felicia had only an upper respiratory infection and cold when she arrived at the clinic. The court held Felicia's care was not below national standards and defendant was not the direct cause of Felicia's injuries.
 
 
 9
 Upon reviewing the record, we cannot say the district court's findings were clearly erroneous. Applying those findings to the controlling law, we agree Felicia did not receive care at the clinic which violated the national standards. Further, that care was not the direct cause of her injuries.
 
 
 10
 Plaintiffs argue the district court erred by not permitting them to present a loss of chance theory and by addressing plaintiffs' contributory negligence. The loss of chance theory is recognized in Oklahoma. See McKellips, 741 P.2d at 471. However, defendant must be found negligent before the theory is applicable. See id. (loss of chance theory is claim that health provider's negligence increased risk of harm by hastening or aggravating effect of preexisting condition or risk). As no negligence occurred, any error in not allowing plaintiffs to proceed with this theory was harmless. Similarly, while defendant did not raise contributory negligence as a defense, see defendant's answer, appellants' app. at 6; pretrial order, id. at 26-27, any error is harmless as defendant committed no negligent act.
 
 
 11
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Oklahoma has legislated that, in medical malpractice actions, the determination of whether a physician was negligent in the care he/she provided "shall be measured by national standards." Okla.Stat. tit. 76, 20.1